Argued February 13, affirmed March 4, 1959

# SNODGRASS *v.* UNITED STATES NATIONAL BANK

### 335 P. 2d 846

*Alton John Bassett,* Portland, argued the cause and filed a brief for appellant.

*Paul A. Sayre,* Portland, argued the cause for respondent. On the brief were Winfree, McCulloch, Shuler & Sayre and Pipes & McKenna, Portland.

Before McAllister, Chief Justice, and Lusk, Warner and Sloan, Justices.

PER CURIAM.

These same parties and the subject matter of this proceeding have been before this court in a previous case. *U. S. National Bank v. Snodgrass,* 202 Or 530, 275 P2d 860, 50 ALR2d 725. In that case this court sustained the provisions of the will of plaintiff's father. The will construed created a trust for the benefit of plaintiff but restricted the vesting of the trust if plaintiff had violated limitations of religious belief or of marriage prior to the time of vesting. Plaintiff did violate the terms of the will and this court denied her the right to take.

Plaintiff now seeks to overcome the effect of that decision by alleging the terms of the will violated an oral agreement between her father and mother entered into when her parents were divorced several years prior to the execution of the will. The trial court found against plaintiff and she appeals.

The divorce proceedings included a written stipulation between plaintiff's parents which divided certain real property they then owned. The written stipulation contains no restriction or limitation upon the title thereby conveyed to the respective parties. However, plaintiff here alleged, and attempted to prove, her father orally agreed to hold the real property he retained, or the proceeds of its disposition, in trust for the sole and unrestricted benefit of the plaintiff; that the terms of the will heretofore mentioned were in violation of the trust imposed by that oral agreement and she should receive the benefit of the trust without limitation.

 It cannot be disputed that to establish a declaration of trust by oral agreement or commitment requires evidence of a clear and convincing character. *Winters v. Winters,* 165 Or 659, 666, 109 P2d 857. Consequently, we believe that we are not required to elaborate in deciding this case. We have examined the entire record and find that the plaintiff has failed to sustain this burden.

The defendant asserted as an additional defense that the former decision of this court is res adjudicata of the present case. We find it unnecessary to decide this issue. The evidence presented is completely inadequate to sustain any agreement to declare a trust and we need go no further.

The decree of the trial court is affirmed without costs to either party.