JONES *v.* LUPLOW ET AL.

*Trusts — Deposits in bank for another's benefit — Voluntary, express trust created, when—Effect of partial withdrawal of funds.*

1. Where one declares an intention to deposit money in a savings account for the benefit of another, and makes the deposit in his own name in trust for such other, and subsequently declares that fact, then, although the person making the deposit retains the passbook and withdraws from the account certain sums by check, such declarations, coupled with the deposit *in praesenti,* creates a voluntary, express trust, which is completed by the deposit and the designation of the one making the deposit as trustee.
2. It is not necessary to a completion of such trust that the settlor part with the possession of the trust property.
3. The withdrawal by the settlor of certain sums by check from the money on deposit does not annul such trust, there being no power of revocation reserved in the creation of the same.

(Decided October 29, 1920.)

ERROR: Court of Appeals for Mahoning county.

*Mr. Charles J. Jackson,* for plaintiff in error.

*Mr. William L. Countryman,* for defendant in error.

FARR, J. Christopher Luplow and Meria Luplow, husband and wife, were, for some time prior to June 11, 1901, residents of the city of Youngstown, Mahoning county, and were possessed jointly of certain real estate which they sold for $4250, a part of which they reinvested in other properties. They were both wage-earners and reared a family of children, the two youngest of whom are Richard and Maria.

On the 11th day of June, 1901, Meria Luplow, the wife, deposited in a savings account with The Dollar Savings & Trust Company, of the city of Youngstown, $700 in the name of " Meria Luplow in trust for Richard and Maria," and the account so appears at the present time. Meria Luplow died June 20, 1919, and the husband, Christopher Luplow, was soon thereafter appointed administrator of her estate.

On the 25th day of September, 1919, Christopher Luplow, as such administrator, began an action in the court of common pleas of Mahoning county to reform said savings account, alleging that he is the owner and entitled to the one-half thereof, and asking that Maria Luplow, now intermarried with one Jones, be restrained from withdrawing any part of said money, and that the trust company be restrained from paying any portion thereof to her.

To his petition as administrator, Christopher Luplow filed an answer and cross-petition, admitting the allegations of the petition to be true, and asking a reformation of the account, and that he be found to be entitled to the one-half thereof, and that the remaining half be awarded the estate of Meria Luplow, deceased.

Richard Luplow, one of the beneficiaries, filed his answer, admitting the allegations of the petition to be true. Maria Luplow Jones filed an answer and cross-petition, and for a first ground of defense admits the deposit, and then tenders a general denial. For a second defense she avers the making of the deposit, and that it was a gift, and denies that any part belongs to Christopher Luplow. As a third defense she avers a trust was created in and to said deposit in favor of Richard Luplow and herself, and asks one-half of the amount, and that the restraining order be dissolved. In her cross-petition she alleges that the $700 was a gift and asks that she be declared the owner of one-half thereof. To this answer Christopher Luplow and Richard Luplow filed replies, and to the cross-petition filed answers, denying ownership in Maria Luplow Jones, and that said $700 was either a gift or a trust, and the issues being thus joined trial was had, which resulted in a decree reforming said account and awarding one-half to Christopher Luplow as administrator aforesaid and the remaining half to Christopher Luplow individually, from which error is prosecuted here, and from which an appeal was also perfected. Counsel elected to present the error case, which is probably unfortunate, as otherwise a proper decree might have been entered here.

The vital issue is therefore whether a gift of the $700 was made or a trust created in it in favor of Richard and Maria Luplow. It is urged that neither could have resulted, because it is said that in no event was more than one-half of the $700 originally deposited the property of Maria Luplow, and that one-half at least belonged to Christopher Luplow.

True, Luplow says that the money belonged to him and his wife, but he says also that he advised her to deposit the money in the bank as a matter of safety; he does not however fix the amount. The balance remaining from the proceeds of the sale of the Mead street property, after the purchases on Salt Spring road and Columbia street, was $1850. However Luplow knew of the deposit, and undoubtedly knew of the manner in which it was made, because it was of common knowledge in the family and was occasionally discussed by different members of it, and yet, knowing all this, he waited a little more than eighteen years and until after the death of his wife to assert his claim against it by this proceeding. He was undoubtedly during these years fully cognizant of the whole situation and must have acquiesced; however it is now too late for him to be heard to complain in that regard, because the time has passed when such contention will avail.

Did that which was said and done create a trust in favor of Richard and Maria, or was it a completed gift? As to whether or not a trust was created will first be considered, because a trust usually involves a gift.

The several elements which must concur in the creation of a trust are a person competent to create it, sufficient words to establish it, a person capable of holding as trustee, a specified or ascertainable object, a definite subject, and a declaration of the terms of the trust. To constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created. No particular form of words, however, is required to create a trust,

and whether one exists is to be ascertained from the intention of the parties as manifested by the words used and the circumstances of the particular case. If it appears to be the intention of the donor, from the whole instrument creating it, or by his expressions and conduct at the time, that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to the conveyance the character of a trust; and in determining whether or not a trust has been created there must be taken into consideration the situation and relation of the parties and the character of the property and the purposes which the settlor had in view in making the declaration. It is sufficient if the language used shows that the settlor intended to create a trust, and clearly points out the property, the beneficiary and the disposition to be made of the property. 26 Ruling Case Law, 1179, 1180, 1181.

To summarize, it may be said that to create a trust it is enough, the property being personal, if the settlor unequivocally declares, either orally or in writing, that he holds it *in praesenti,* in trust or as trustee for another. *Ray* v. *Simmons, Admr.,* 11 R. I., 266.

The record discloses here that Meria Luplow, on or about the 11th day of June, 1901, said to her daughter, Mrs. Engleheart, that she was going down town, or down to the bank, to deposit the money in question for the benefit of Richard and Maria, or words to that effect, and requested her daughter to accompany her, which she did, the deposit being made as indicated, "Meria Luplow in trust for Richard and Maria," which was a clear, unequivocal declaration of her purpose, *in praesenti,*

concerning the definite sum of $700, and it is quite significant that although some members of her family importuned her later to change the character of the deposit she never did' so and it so remained for eighteen years, which fact alone, that is, lapse of time, discloses the idea of permanence and corroborates the theory of a trust.    Moreover, Mrs. Luplow both before and after making the deposit declared to others of her family, who so testify against interest, her purpose to create a fund for the benefit of her two youngest children, suggesting that she might not live to rear them, the suggestion itself clearly indicating her motive.    These declarations were competent.  *Connecticut River Savings Bank* v. *Albee and Lane, Admr.,* 64 Vt., 571, 25 Atl. Rep., 487; Perry on Trusts (6 ed.), Section 77, 86, and 1 Greenleaf on Evidence (16 ed.), Section 189.

It is urged, and the record discloses some testimony to the effect, that the deposit was made in the form it was for the purpose of avoiding the payment of taxes.    If this were the motive, then it is somewhat singular that the remainder of the fund was not deposited.  The whole balance from the sale of the Mead street property, after reinvestment in the two other properties, was $1850, and it is not disclosed that at least a part or all of the balance of this amount was not still in hand.    However this would not avail, even if true, because an unlawful act could not be the basis of a defense against a lawful one, and the parties would be left just where they placed themselves.    It is held in the above case of *Bank* v. *Albee et al.* that such defense is not available.    The fifth paragraph of the syllabus reads:

"That the father made the deposit in the name of the son to escape taxation is not such a fact." That is, such a fact as would negative the theory of a trust.

Again, it is insisted that Mrs. Luplow retained the bank book and that this was inconsistent with the trust. Scarcely so; for indeed it was not improper for her to retain the book as trustee, for such she had voluntarily constituted herself, and therefore she might properly retain it, and so it is held in *Ray* v. *Simmons, Admr., supra.* The strong weight of authority is to the effect that the creation of a trust, if otherwise unequivocal, is not affected by the settlor's retention of the instrument of trust, especially where he is himself the trustee. *Exton* v. *Scott,* 6 Sim., 31; *Fletcher* v. *Fletcher,* 4 Hare, 67; *Carson and Vickery, Admrs.,* v. *Phelps, Trustee,* 40 Md., 73, 14 Am. Law Reg., N. S., 100; *Souverbye et ux.* v. *Arden et al.,* 1 Johns. Ch., 240, and *Bunn* v. *Winthrop,* 1 Johns. Ch., 329.

It is further urged that Mrs. Luplow, during the eighteen years, withdrew by check certain sums of money, not large in amount or number, from this account, and that such withdrawals were inconsistent with the theory of a trust, and such must be conceded to be the case; but did she thereby annul the trust? Scarcely so, because a trust cannot be annulled by the person creating it, in the absence of a power of revocation reserved by him for that purpose. (*Bank* v. *Albee et al., supra; Sargent* v. *Baldwin,* 60 Vt., 17, 13 Atl. Rep., 856; *Martin* v. *Funk, Admr.,* 75 N. Y., 134; *Decker* v. *Union Dime Savings Institution,* 15 N. Y. App., 553; *Curtis* v. *Price,* 12 Ves., 103; *Ellison* v. *Ellison,* 6 Ves., 656; *Salisbury* v. *Bigelow,* 37 Mass. (20 Pick.), 174,

182, 183; *Stone* v. *Hackett, Exr.,* 78 Mass. (12 Gray), 227; *Souverbye* v. *Arden, supra; Viney* v. *Abbott,* 109 Mass., 300; *Sewall, Exr.,* v. *Roberts et al.,* 115 Mass., 262.) No matter what Mrs. Luplow said or did afterwards inconsistent with an express, completed trust, if she had created one without the power of revocation, she could not thereby annul it, and the foregoing rests upon the equitable principle, now well established, that a voluntary gift or conveyance of property in trust, when fully completed and executed, will be regarded as valid and its provisions enforced and given effect.

It is true that two cases, *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass., 228, 6 Am. Rep., 222, and *Clark* v. *Clark,* 108 Mass., 522, seem to hold a different doctrine. However in the first case the circumstances were deemed controlling and adverse to an intent to create a trust, while in the second, which was similar as to facts, the court very briefly expressed the opinion that the trust was not complete, but without assigning any reason. These cases, although entitled to much respect, are exceptional to the strong weight of authority in the United States. The English cases in this regard, quite a few of which have been examined, generally sustain the view of the large majority of the American cases.

Probably no case can be found more nearly upon the point than *Martin* v. *Funk, Admr., supra,* in which it is held as follows:

"Where, * * * a trust is declared, whether in a third person or the donor, it is not essential that the property should be possessed by the *cestui que trust,* or that the latter should be informed of the trust.

"S. deposited in a savings bank a sum of money belonging to her, declaring at the time that she wanted the account to be in trust for plaintiff. The account was so entered, and a pass-book given to S. containing an entry, in substance, that the account was with her in trust for plaintiff. A deposit was made in the same manner in trust for K. Plaintiff and K. were sisters, and distant relations of S. S. retained possession of the pass-books, and the money remained in the bank, with its accumulated interest, except that she drew out one year's interest, until her death. Plaintiff and K. were ignorant of the deposits until after that event. In an action to obtain possession of the pass-books, and to recover the deposits, *held,* that the transaction was a valid and sufficient declaration of trust, and passed the title to the deposits, S. constituting herself a trustee; that the retention of the pass-books, which were simply the vouchers for the property, must be deemed to have been as trustee, and was not inconsistent with the completeness of the gift, nor was notice to the *cestui que trust* necessary."

It is obvious that the foregoing is quite similar to the present case as to facts, and it fairly expresses the principle declared in practically all of the well-considered cases.

It is therefore clear that Mrs. Luplow as the owner and donor of personal property could create a perfect or completed trust by her unequivocal declaration, in writing or by parol, that she herself held such property in trust for the purposes named and the trust is equally valid whether she constituted herself or another person the trustee; she need not in express terms declare herself trustee, but she

must do something equivalent to it, and use expressions that have that meaning. The act must be consummated and not rest in intention; if she constituted herself trustee it is not necessary as between herself and the beneficiaries that she should part with the possession of the trust property. She declared her intention before the act, to deposit the money for the benefit of her children, then followed the act depositing the money in her own name "in trust for Richard and Maria." Subsequently she declared what she had done, and, although asked to do so, refused to change the manner of the deposit, and it so continued for more than eighteen years, which of itself indicates permanence of intention. So far as the record discloses she died without any intimation of a desire to make a change in the original arrangement, and it is not believed that the court should now do that which she declined, although urged, to do. It must be found therefore that she created a voluntary, express trust, which was completed by her *in praesenti* by the deposit and the naming of herself as trustee.

The subject of gift which was presented in argument need not be further or separately considered, as it has been sufficiently discussed in the foregoing as a part of the trust.

It follows therefore that the judgment must be reversed, and it is so ordered.

*Judgment reversed.*

METCALFE and POLLOCK, JJ., concur.