ROELOFS, APPELLEE, *v.* APPLE, ADMR., ET AL., APPELLEES; MAKLEBUST ET AL., APPELLANTS.

(No. 2305—Decided September 17, 1975.)

Mr. *Samuel T. Gaines,* for appellee.
Mr. *John M. Portner,* for Louise M. Pasternak.
Mr. *John R. Gallagher,* for Eric Maklebust Jr.
Mr. *Jacob J. Apple,* for estate of Eric Maklebust.
Mr. *Bruce Alexander,* for Lorain County Savings & Trust Building.
Mr. *John Buchman* and Mr. *Vernon M. Fitch,* for appellants.

156

MAHONEY, J. This is an appeal from a judgment of the Probate Court of Lorain County, holding that voting trust certificates are not the same as corporate stocks and could not constitute the trust *res* of a decedent's testamentary trust. We disagree.

The testator, Eric Maklebust, Sr., owned 915 of the 1250 outstanding shares of stock in Mak Construction Company. In 1961, his wife who owned 30 shares, and Alexander Apple, his attorney and owner of four shares, joined Eric, Sr., in the execution of a voting trust agreement. Eric, Sr., was named voting trustee with his successors to be Alexander and Jacob Apple, in that order. The shares were surrendered to the corporation and voting trust certificates were issued to Eric, Sr., which he held until his death in 1970.

In 1963, Eric executed a will containing a testamentary trust whose *res* was to be corporate shares of stock. The primary beneficiaries were: (1) his wife, who predeceased him, (2) his three children, one of whom has died, and (3) his grandchildren, per stirpes. The trust was to continue for 20 years.

In 1968, the voting trust agreement was extended through August 23, 1981. After the testator's death in 1970, the Apples became successor voting trust trustees. In 1972, they elected, pursuant to the agreement, to terminate the voting trust, to convert the voting trust certificates into shares of stock and to sell them. A deed of termination was executed and the sale was approved by the Probate Court. This action was commenced by appellee Roelof, as a daughter and beneficiary, to have the Probate Court construe the will.

Eric T. Maklebust, a grandson, and his children appeal claiming the following errors:

"1. The lower court erred in allowing the admission of extrinsic testimony and the Voting Trust Agreement and should have limited its interpretation and construction to the "four corners" of testator's Last Will and Testament (Exhibit A).

"2. The lower court's refusal to direct that the pro-

ceeds of the Mak Construction Company stock sale be placed in trust on the ground that the trust lacked a Res is contrary to law and the intent of the testator.

"3. The lower court erred in not invoking the forfeiture clause contained in Item Three (3) against plaintiff and other beneficiaries herein who have joined in plaintiff's claim to a right to receive early distribution of principal prior to the dispositive provisions of the twenty (20) year trust set forth in testator's Last Will and Testament."

### Assignment Of Error 1

The case law is clear that the trial court is not limited to the four corners of the will in determining the testator's intention. *Casey* v. *Gallagher* (1967), 11 Ohio St. 2d 42; 56 Ohio Jurisprudence 2d 52, Wills, Section 521.

### Assignment Of Error 2

We find as a matter of law that the deposit of stock certificates in exchange for voting trust certificates does not divest the testator of ownership of the stock. He did give up his voting rights. *Ohio National Life Ins. Co.* v. *Struble* (1948), 82 Ohio App. 480, states:

"Under a voting trust agreement, sanctioned by Ohio law, a shareholder parts with the voting power, but retains the beneficial ownership of the stock. While such an agreement may specifically provide for the sale of the stock, a grant of 'full power' to vote the stock for a limited time is inconsistent with a power to destroy the beneficiary ownership of the stock by sale or otherwise, including the transfer involved in the proceedings to mutualize a domestic stock life insurance company, as not being within the contemplation of the parties, and only by use of clear language can such power be conferred." Paragraph 2 of the syllabus.

Under a voting trust agreement, neither the voting trust certificate holders nor the trustees possess all rights of shareholders, but each are "stockholders for some purpose—neither group for all purposes." 19 America Jurisprudence 2d, 190 Corporations, Section 685.

*A & N Furniture & Appliance Co.* v. *United States* (S. D. Ohio 1967), 271 F. Supp. 40, held that under Ohio law

the creation of a voting trust gives the trustee no interest in the shares thereof except the power to vote, and the power to vote the stock is inconsistent with a power to destroy the beneficial ownership interests in any manner. R. C. 1701.49 provides that the corporate books shall reflect (1) the entry of ownership, and (2) that the stock is issued subject to a voting trust agreement.

When he died, the testator retained beneficial ownership of the stock. He still had exactly what he had when he executed the will. That beneficial ownership constituteded his interest in Mak Construction Company, which we hold he intended to include in his testamentary trust. This beneficial interest in the corporate shares was sufficient to constitute the trust *res*. There is no conflict between the voting trust and the testamentary trust. They are compatible.

### Assignment Of Error 3

We hold that an action to construe a will is not subject to an *In Terrorem* clause. *Moskowitz* v. *Federman* (1943), 72 Ohio App. 149.

### Conclusion

We overrule the first and third assignments of error and sustain the second, finding that there was a trust *res* which is now represented by the proceeds from the sale of the stock. We remand this matter to the trial court for further proceedings under the trust and enter judgment for the appellants upon the will construction case.

*Judgment reversed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.