762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILLER PLATING CORPORATION OF OHIO LOCAL 81 UNION EMPLOYEES
PENSION PLAN AND JAMES CELMETE, AS TRUSTEE,
PLAINTIFFS-APPELLANTS,
v.
MILLER PLATING CORPORATION OF OHIO AND ROBERT WAZBINSKI,
JOINTLY AND SEVERALLY, DEFENDANTS,
HUNTINGTON NATIONAL BANK OF NORTHEAST OHIO, JOINTLY AND
SEVERALLY, DEFENDANT-APPELLEE.
 NO. 84-1232
 United States Court of Appeals, Sixth Circuit.
 4/10/85
 
 Appeal from the United States District Court for the Eastern District of Michigan, Southern Division
 Before: KENNEDY and MILBURN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Miller Plating Corporation of Ohio Local 81 Union Employees Pension Plan ('Pension Plan') and its trustee, James Gelmete, appeal from the summary judgment granted in favor of defendant Huntington National Bank. The Pension Plan seeks to recover from the bank $16,185.50 in contributions owed the plan by Miller Plating orporation of Ohio.
 
 
 2
 Miller Plating Corporation of Ohio was formed in the course of the reorganization of a prior company that was substantially in debt to the bank. In return for the prior company's assets, Miller Plating gave the bank a promissory note for $1,350,000 and a security interest in essentially all of Miller Plating's assets. In 1980, because of a decline in Miller Plating's business, the bank began reviewing each check presented for payment on Miller Plating's commercial account, in which the bank held a security interest, to determine whether it would allow the check to be paid.
 
 
 3
 The Pension Plan was formed by agreement between Miller Plating and its employees or their representatives. Miller Plating was required to make contributions to the plan on behalf of its employees. On June 13, 1980 Miller Plating submitted to the plan custodian a check for $16,185.50, representing contributions accrued during the year ending March 31, 1980. This check was not honored by Huntington National Bank, however. On June 20 Miller Plating ceased operations. In July the check was again presented, and the bank again refused payment. Miller Plating's commercial account had a balance sufficient to cover the amount of the check.
 
 
 4
 The Pension Plan then brought this action against Miller Plating and Huntington National Bank. The plan obtained a default judgment against Miller Plating by stipulation. The District Court then granted Hamilton National Bank's motion for summary judgment.
 
 
 5
 The Pension Plan claims that the bank violated the fiduciary duty it owed the plan by refusing to honor the check representing pension plan contributions. This theory is based on the premise that the funds in Miller Plating's commercial account needed to cover the check became plan assets when the check was presented for payment. The Pension Plan does not adequately explain how these funds became plan assets, however. As explained by the District Court when it ruled on the motion for summary judgment:
 
 
 6
 [T]he funds indicated in the checks that were dishonored never became the assets of the plan because the checks were never honored; in other words, you do not get assets simply by having a check. You have to wait until the checks are honored before these assets can in fact become a part of the plan and, therefore, there can be no breach of any fiduciary duties in this case.
 
 
 7
 The Pension Plan argues on appeal that the funds were held in trust for the benefit of the plan. It relies on the intent of Miller Plating to use the funds as pension contributions. However, intent alone is not sufficient to establish a trust. '[P]roperty which the owner cannot transfer cannot be held in trust.' Restatement (2d) of Trusts Sec. 79. See also Roelofs v. Apple, 49 Ohio App. 2d 155 (1975); Jones v. Luplow, 13 Ohio App. 428 (1920); 53 Ohio Jur. 2d Trusts Sec. 42; 76 Am. Jur. 2d Trusts Sec. 33. Here it is undisputed that Miller Plating did not have an unencumbered right to transfer funds held in its account with Huntington National Bank. Miller Plating therefore had no power to establish a trust with those funds.
 
 
 8
 The Pension Plan also contends that Ohio law of secured transactions is preempted by the federal regulation of pension plans in the Employee Retirement Income Security Act of 1974 ('ERISA'), 29 U.S.C. 1001 et seq., to the extent that Ohio law prevents an employer from contributing assets to a pension plan. However, the Pension Plan has not identified any provision or purpose of ERISA that is in any way inconsistent with general commercial law principles. ERISA may impose an obligation on an employer to make timely payments to a pension plan; it does not, however, require a third party to relinquish its interest in property so as to enable the employer to meet its obligations. Section 514(a) of ERISA, 29 U.S.C. Sec. 1144(a), does explicitly pre-empt state laws 'insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA. This may include state laws not specifically designed to regulate benefit plans; however, the Supreme Court has recognized that '[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan.' Shaw v. Delta Air Lines, 103 S. Ct. 2890, 2901 n.21 (1983). The general commercial law involved in this case clearly affects the plan only in a tenuous, remote, or peripheral manner and therefore does not 'relate to' the plan.
 
 
 9
 Accordingly, the judgment of the District Court is affirmed. Appellants' motion to revise the joint appendix, appellee's motion to strike portions of the joint appendix, and appellee's request for attorney fees and sanctions under Sixth Circuit Rule 11(h) are denied.