This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shawn W. Hatch, appeals from the judgment of the Summit County Court of Common Pleas, Probate Division, which held that the decedent, Laddie Lallo, failed to create a valid inter vivos trust. We reverse and remand.
Appellant filed a complaint for a declaratory judgment, seeking an order declaring that the decedent had created a valid inter vivos trust and named Appellant as successor trustee and beneficiary. Appellee, Larry Lallo, the decedent's son and sole heir, moved the trial court to dismiss Appellant's complaint and appoint Appellee as the administrator of the decedent's estate. Subsequently, the parties jointly submitted a brief containing an agreed statement of facts and conclusions of law. The parties argued that the trust created by the decedent was valid and that the stock identified therein should pass to Appellant, the named beneficiary.
The trial court found that the decedent failed to create a valid trust, due to lack of delivery. The court ordered the stock to pass to the estate of the decedent. Appellant timely appealed, raising three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Appellant] and abused its discretion by failing to hold that the deceased delivered the stocks and created a valid inter vivos trust.
In Appellant's first assignment of error, he contends that the trial court erred in finding that the decedent failed to create a valid intervivos trust due to lack of effective delivery. We agree.
In Ohio, it is well established that an appellant has to prove the existence of a trust by clear and convincing evidence. Gertz v. Doria
(1989), 63 Ohio App.3d 235, 237. The interpretation of trusts is a question of law for the court. See In re Estate of Davis (1996),109 Ohio App.3d 181, 183. Further, a court's primary purpose when construing trust provisions is to give effect to the intent of the settlor when legally possible. Domo v. McCarthy (1993), 66 Ohio St.3d 312, paragraph one of the syllabus.
In determining the issue of whether the instrument in question creates a trust, we must first define and determine the inherent characteristics of a trust. The elements of a trust are as follows:
 While its elements have been variously stated to constitute an express trust there must be an explicit declaration of trust, * * * accompanied with an intention to create a trust, followed by an actual conveyance or transfer of lawful, definite property or estate or interest, made by a person capable of making a transfer thereof, for a definite term, vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied; or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intent to hold for the use of another.
Ulmer v. Fulton (1935), 129 Ohio St. 323, 339-340.
There are two types of express trusts: inter vivos trusts and testamentary trusts. A settlor creates an inter vivos trust during his lifetime and it exists at the time of the settlor's demise. Hageman v.Cleveland Trust Co. (1974), 41 Ohio App.2d 160, 161-162, reversed on other grounds (1976), 45 Ohio St.2d 178. In such a trust, the settlor must convey the legal title of the trust res to the trustee, so that the trustee may hold the property for the benefit of the trust beneficiary.Friedrich v. BancOhio Natl. Bank (1984), 14 Ohio App.3d 247, 251. The trust in this case qualifies as an inter vivos trust.
Trust law is based on the concept of separate ownership of equitable and legal interests. See Jones v. Luplow (1920), 13 Ohio App. 428, 432. Ordinarily, a settlor's transfer of the trust property's legal title to a trustee accomplishes this separation. It follows that the present transfer of property to the trustee is crucial when the settlor is not also the trustee, since without legal title the trustee holds nothing in trust. See First Natl. Bank of Middletown v. Gregroy (1983),13 Ohio App.3d 161, 163.
On the other hand, the settlor and the trustee may be the same person.Ulmer, 129 Ohio St. at 340. Thus, a settlor holding property and intending to make a voluntary disposition of that property for the benefit of another, "may retain the title and declare himself a trustee for the donee, and thus clothe the donee with the beneficial estate."Cleveland Trust Co. v. White (1937), 58 Ohio App. 339, 345. However, in such a case, the settlor-trustee's words or acts must denote that he is merely the legal title holder of the trust res and the equitable interest must lie with another. Gregroy, 13 Ohio App.3d at 163; In re Estate ofBicknell (1958), 108 Ohio App. 51, 54. Therefore, the law does not require that a settlor, who also serves as trustee of a trust established by declaration, transfer legal title to the trust property, since the trustee already holds legal title. Luplow, 13 Ohio App. at 436-437
(finding that when a settlor constitutes himself as trustee, it is not necessary as between himself and the beneficiaries that he part with the possession of the trust property). The mere declaration that property is held in trust, without transfer of the legal interest or title to the property, is sufficient to create a trust. See id.; Estate of Heggstad
(1993), 16 Cal.App.4th 943, 949-950.
More importantly, when the trust property includes stock, as in the instant case, the settlor "may make himself trustee of the shares for another by oral or written declaration of the trust, without delivery of any document to the beneficiary or change on the corporation stock records." Taliaferro v. Taliaferro (1996), 260 Kan. 573, 586, 921 P.2d 803,812, quoting Bogert, Trusts Trustees § 142(b) (2d ed. rev. 1979). See, also, Turner v. Mitchell (Mo. 1956), 297 S.W.2d 458, 464. In sum, "[t]o create a trust it is enough, the property being personal, if the settlor unequivocally declares, either orally or in writing, that he holds it in praesenti, in trust or as trustee for another." Luplow,13 Ohio App. at 432.
In this case, the decedent executed a revocable living trust, entitled "Declaration and Instrument of Trust[,]" using a prepackaged kit purchased from an office supply store. The decedent entitled the trust the "Laddie Lallo Trust" and named himself as the trustor and trustee. The instrument designated Appellant as successor trustee, as well as beneficiary of "all personal proporty [sic.], all stocks, [and] bank accounts [sic.] balances[,]" upon the death of the trustor. The decedent also named other beneficiaries. Further, the instrument listed the trust property, which included a specific description of 531 shares of stock issued by various corporations, the decedent's bank accounts, the number of his safe deposit box at a local bank, and a list of the decedent's personal belongings, which included furniture, tools and clothing. It is the stock certificates that are at issue in the present case. The certificates were registered in the name of the decedent. At some point, the decedent placed them in his safe deposit box, retained access to the box, and also gave Appellant, the designated beneficiary, a key to the box. Approximately three years after executing the trust instrument, the decedent died intestate. Appellee was his sole heir.
The trial court held that the decedent's attempt to create an intervivos trust failed because the decedent failed to effect delivery. Specifically, the court found that (1) the decedent failed to re-register the stock in the name of the trust; (2) placing the stock certificates in a safe deposit box was insufficient to divest the decedent of ownership; and (3) the decedent failed to follow the instructions on the form, which stated that the trustor must transfer all titled property to the trust.
Here, the decedent was both the settlor and the trustee and already possessed legal title; consequently, decedent was not required to transfer legal title to the stock to himself as trustee. See White,58 Ohio App. at 345; Luplow, 13 Ohio App. at 436-437; Heggstad,16 Cal.App.4th at 949-950. Additionally, the decedent was not required to re-register the stock certificates under a different name. See Taliaferro,260 Kan. at 586, 921 P.2d at 812. The important question in this case is whether the decedent divested himself of the equitable interest in the property in question. If he made such a transfer of the equitable interest, the separation of equitable and legal interests that is required to support a trust is present and the decedent, as settlor-trustee, held legal title to the trust property subject to the trust.
In Bank One of Milford v. Bardes (Dec. 31, 1987), Brown App. No. CA87-04-008, unreported, 1987 Ohio App. LEXIS 10330, the Twelfth Appellate District addressed the question of whether an appellant had created a valid trust after naming himself as trustee for the trust property, which was a farm. The court found that the appellant retained the legal title but failed to transfer the equitable interest to the beneficiaries. Id. at *6. Significantly, after the appellant named himself as the trustee, he (1) continued to operate the farm, (2) dealt with creditors as if he was the owner of the property, (3) listed the farm as an asset on his personal financial statement, and (4) depreciated the farm operations for his own real estate taxes. Id. at *5-6. Distinct from the Bardes scenario, here, the decedent separated the stock certificates from the balance of his personal property by placing them in a safe deposit box. Also, he gave Appellant, the beneficiary, free access to the box and its contents.
Also, courts have held that "[t]he declaration of trust immediately creates an equitable interest in the beneficiaries, although the enjoyment of the interest is postponed until the death of the settlor, and although the interest may be divested by the exercise of the power of revocation." Taliaferro, 260 Kan. at 583, 921 P.2d at 811, quoting IA Scott on Trusts § 57.6, pp. 189-190 (4th ed. 1987). See, also, In rePetralia (1965), 32 Ill.2d 134, 137, 125 N.E.2d 1, 3. Significantly, inHoffman v. Vetter (1962), 117 Ohio App. 233, 237, this court stated that equity would enforce a trust based on merely an oral declaration that one is serving as a trustee, without delivery, as long as the settlor expressed an intent to assume the duties of a trustee. Every trustee owes certain duties to the beneficiaries of the trust, including the duty to keep the trust property separate and not commingle it with his own. Homerv. Wullenweber (1951), 89 Ohio App. 255, 259.
Unlike the situation in Hoffman, in this case, we are presented with a written trust document which, on its face, unequivocally and unambiguously evidences the decedent's intent to create a present trust at the time he executed it and to assume the duties of a trustee pursuant to Ohio law. Thus, assuming to act as trustee, the decedent is held to have intended to take on those obligations which are expressly set out in the instrument, as well as those fiduciary obligations implied by Ohio law. As trustee, the decedent placed the stock certificates separate and apart from his own personal property in a safe deposit box, and gave Appellant access. Therefore, he showed an intention to presently part with some of the incidents of ownership in the stock and there was effective delivery for the benefit of the trust and its beneficiaries.
Additionally, we find that the decedent divested himself of an equitable interest in the stock when he declared the trust, constituted himself as trustee pursuant to the laws of Ohio, and did not commingle the stock certificates with his personal property. Appellant presented clear and convincing evidence of the existence of the trust. Consequently, the trial court erred in finding that the decedent failed to create a valid inter vivos trust due to the lack of effective delivery. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court erred to the prejudice of [Appellant] and abused its discretion by failing to hold that the clear intent of the settlor should determine whether delivery took place.
In his second assignment of error, Appellant assumes arguendo that there was a lack of effective delivery, as addressed in the first assignment of error, and argues that the trial court erred in failing to find that the intent of the settlor overrides any ambiguity in delivery. However, in light of our determination in the first assignment of error, there is no need to address the second assignment of error.
 ASSIGNMENT OF ERROR III The trial court erred to the prejudice of [Appellant] and abused its discretion by not incorporating the parties' stipulations into its findings of fact.
In Appellant's final assignment of error, he maintains that the trial court erred when it failed to incorporate the parties' stipulations into its findings of fact. We disagree.
Ohio courts have long accepted stipulations of fact. Knowlson v.Bellman (1953), 160 Ohio St. 359, 364-365. Generally, if the parties have agreed upon facts by which they wish to be bound, the court need not inquire about the evidence that may exist to prove those facts.Cunningham v. J.A. Myers Co. (1964), 176 Ohio St. 410, 414. "[A]lthough courts are ordinarily bound by the stipulations of litigants, courts are not bound in their determination of questions of law. Resolution of questions of law and legal conclusions arising from stipulated facts fall upon the court." State v. Koski (Feb. 28, 1997), Athens App. Nos. 96 CA 1757 and 96 CA 1758, unreported, 1997 Ohio App. LEXIS 831, at *3, fn. 1.
In the present case, Appellant and Appellee executed a joint brief to the trial court, which included an agreed statement of facts and conclusions of law. Appellant argues that the trial court erred when it failed to accept the parties' stipulation that the decedent had created a valid inter vivos trust. However, this is a conclusion of law and not a stipulation of fact. Therefore, the trial court's determination rested only upon the record and not upon the parties' opinions of what the record demonstrated, even if one party agreed with the opposing party's argument. Appellant's third assignment of error is overruled.
Appellant's first assignment of error is sustained. Appellant's second assignment of error is not addressed. Appellant's third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed and remanded.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
CARR, J. CONCURS