HOFFMAN, EXR., APPELLEE, *v.* VETTER, APPELLEE; ET AL., APPELLANTS.*

(No. 1199—Decided May 31, 1962.)

*Mr. Willard C. Thomas,* for appellee Robert D. Hoffman, Exr.

*Messrs. Critchfield, Critchfield, Critchfield & Johnston,* for appellee Evelyn P. Vetter.

*Messrs. McDonald, Hopkins, Hood & Hardy,* for appellants.

HUNSICKER, J.   Wallace G. Vetter died testate on October 1, 1960, survived by Evelyn P. Vetter, his second wife, and Virginia Louise Vetter, his minor daughter by his first wife, Louise Vetter, from whom he was divorced on June 16, 1945.

Among the property left by the deceased, Wallace G. Vetter, was a bank account in the name of "Wallace G. Vetter or Mrs. Wallace G. Vetter or the survivor."   There was also in the bank safety deposit box rented by the deceased a sealed envelope containing certain corporation stock certificates issued in the name of Wallace G. Vetter.   Fastened to each stock certifi-

---

*Motion to certify the record overruled (37835) February 13, 1963.

cate by means of a paper clip was a printed form of transfer of such certificate to Virginia Louise Vetter, signed by Wallace G. Vetter in the presence of one Robert D. Hoffman, who is now the executor of the last will and testament of Wallace G. Vetter.

The executor, Robert D. Hoffman, being uncertain as to the ownership of the above-mentioned property, filed in the Probate Court of Wayne County, Ohio, a petition for declaratory judgment, thereby seeking the judgment of that court as to the ownership of such property.

The Probate Court of Wayne County, Ohio, declared that the bank account was the sole property of Evelyn P. Vetter, the widow, and property not subject to probate; as to the stock certificates found in the sealed envelope in the bank safety deposit box, the trial court determined that they were owned by Wallace G. Vetter immediately prior to his death, and that his estate was the owner of such property immediately after his death. The court also found that Wallace G. Vetter "did not create an *inter vivos* trust for the benefit of his daughter, Virginia Louise Vetter, as claimed by the intervener, her mother, in her behalf, to any stock or other property of the decedent."

From this judgment a notice of appeal on questions of law and fact was timely filed by counsel for Louise Vetter and Virginia Louise Vetter, the minor. This court, at the time of oral argument, determined that the issue of ownership of the bank account was subject to appeal on questions of law only, but that the question of the establishment by Wallace G. Vetter, during his lifetime, of a trust in the corporate stock for the benefit of his daughter, was a matter to be heard as an appeal on law and fact. This court *sua sponte* ordered the transcript of testimony to be refiled as a bill of exceptions. This bill of exceptions, which is a record of all the testimony taken at the time of the declaratory judgment action, was thereafter duly filed, and, along with the exhibits introduced in the trial court, is considered herein as all the testimony before this court on the appeal on questions of law and the appeal on questions of law and fact.

In our consideration of the claim of Louise Vetter, with respect to the bank savings account, we find that, when the account was established, Louise Vetter signed a blank card giving to the bank a copy of her signature; there was no formal joint

account contract signed. The account then was designated on the ledger card as "Mr. or Mrs. W. G. Vetter." There was no withdrawal of this signature card; but after the divorce was granted, the account was changed on the ledger card at the request of Mr. Vetter to "Wallace G. Vetter." When Mr. Vetter remarried, the ledger card was again changed at the request of Mr. Vetter to "Wallace G. Vetter or Mrs. Wallace G. Vetter or the survivor." In no instance was there a formal agreement executed between the bank and the parties. The only indication that such an arrangement had been made is obtained from the typed names on the ledger card. Either party could have requested the bank to make a change in the account, and it would have been granted. The requirement that a copy of the signature be given to the bank was for the protection of the bank, not the parties to the contract.

Mrs. Louise Vetter was divorced, and by the separation agreement the parties settled their financial problems. The joint bank account was not mentioned in the separation agreement, but Mr. Vetter, after the divorce, since he retained the bank book, had the bank change the name on the ledger sheet to Wallace G. Vetter, and continued to make deposits and withdrawals. After his remarriage, the ledger sheet was made to read "Wallace G. Vetter or Mrs. Wallace G. Vetter or the survivor." The only Mrs. Wallace G. Vetter at that time was Evelyn P. Vetter. Mrs. Louise Vetter did not have any contract with the bank respecting this or any other deposit, notwithstanding they kept a record of her signature. When Wallace G. Vetter had his name placed on the ledger sheet, he in effect withdrew the then joint account, and made such account an individual bank account. His conduct thereafter, with respect to this account, placed it equally within the power of his second wife to withdraw the account. Evelyn P. Vetter is the owner-survivor of the account.

The judgment on this feature of the case must be affirmed.

As we have heretofore stated, there was found in the safety deposit box of the deceased a sealed envelope of the corporation for which Mr. Vetter, the deceased, worked. This envelope was one the corporation used some four years prior to the death of Mr. Vetter. On such envelope was written "Private—To be opened only in the presence of W. C. Thomas, Att'y, and Robert

D. Hoffman. W. G. Vetter.'' In this envelope was found the stock certificates above mentioned. Mr. Vetter during his lifetime received the dividends on the stock and voted such shares in corporate shareholder meetings. He did tell his daughter that he had given her some shares of stock; but except for this statement to his daughter, the execution of the transfer forms, and the placing of the certificates and transfer forms in the marked envelope, neither a formal trust agreement was executed nor a delivery of the gift to the daughter was made.

There can be no question that a valid gift of this stock was not made to the daughter. Our inquiry then must be directed to whether the actions of the deceased resulted in the creation of a trust for the benefit of his daughter, he being the settlor-trustee and his daughter the beneficiary. See *Gano* v. *Fisk*, 43 Ohio St., 462.

A person may declare orally or in writing that he holds personal property for another, and thereby constitute himself a trustee of such property. Such a declaration of trust may operate after the death of the declarant. *Bruer* v. *Johnson*, 64 Ohio St., 7; *Thomas* v. *Dye*, 70 Ohio Law Abs., 118.

The burden of proving an oral express trust in personal property devolves upon the one claiming that the trust exists. *Thomas* v. *Dye*, 70 Ohio Law Abs., 118; *Worthington, Admr.*, v. *Redkey, Exr.*, 86 Ohio St., 128. The degree of proof we believe to be the same in this type of trust as when a trust is sought to be impressed upon a deed absolute on its face; that is, by clear and convincing evidence. *Hill* v. *Irons*, 160 Ohio St., 21; *Held, Admr.*, v. *Myers*, 48 Ohio App., 131, at p. 134. See, also, *Snodgrass* v. *United States Natl. Bank*, 215 Ore., 516, 335 P. (2d), 846.

Is the evidence in the instant case sufficient to establish the creation of a valid *inter vivos* trust for the benefit of Virginia Louise Vetter? We think not. The instant case is similar in many respects to the case of *Flanders* v. *Blandy*, 45 Ohio St., 108. In that case the father, as the alleged settlor of a trust in bonds, used such bonds to purchase an interest in a business. There was a delivery to the daughter of interest on the bonds. Nevertheless, the court held that there was no valid declaration of trust of the bonds in favor of the daughter. See, *Moll* v. *Moll, Exr.*, 109 Ohio App., 393.

All the evidence in the instant case points to an attempt to make a gift, rather than to create a trust, such gift to take effect at death, but there was no delivery or transfer of dominion over the property.

Counsel have cited the case of *Frazier* v. *Hudson*, 279 Ky., 334, 130 S. W. (2d), 809, which in many respects is factually similar to the instant case. There a bond was endorsed to a daughter; the bank cashier was told of the fact, and the bond replaced in the safety deposit box. After the death of the father, the daughter claimed that a trust was established for her by the acts of her father; but the court held the acts to have resulted in an imperfect gift of the bond and not a trust. This case is also reported in 123 A. L. R., 1331, followed, on page 1335, *et seq.*, with an annotation covering the subject we discuss herein.

It is a general rule that equity will not help out an incomplete delivery by declaring a trust. *Vincent* v. *Rix*, 248 N. Y., 76, 161 N. E., 425; *Wadd* v. *Hazelton*, 62 Hun., 602, 33 N. E., 143; *Loop* v. *DeAutell*, 294 Mich., 527, 293 N. W., 738.

The cases from Ohio and other jurisdictions uniformly hold, as we have above indicated, that one can orally constitute himself a trustee of personal property for the benefit of another, and thereby create a trust enforcible in equity, even though without consideration and without delivery. He must, however, constitute himself a trustee; it is not sufficient that he declare himself a donor. Although he need not use the term "trustee," nor even manifest an understanding of its technical meaning, or the technical meaning of the term "trust," he must give expression to an intention to impose upon himself enforcible duties of a trust nature. See: 1 Scott on Trusts (2 Ed.), Section 28, page 222; Sections 31 and 31.1, pages 229 to 244; and authorities cited. 1 Restatement of the Law of Trusts (2d), Sections 23 and 24.

It is, of course, impossible for us to determine the true intent of Wallace G. Vetter, when he placed the securities and transfer certificates in an envelope, sealed the envelope, after writing thereon "Private—To be opened only in the presence of W. C. Thomas, Att'y, and Robert D. Hoffman. W. G. Vetter," and placed such envelope in his bank safety deposit box. The reported cases bearing similar factual situations indicate that

each transaction must be decided upon the facts of that case. 1 Scott on Trusts (2 Ed.), Section 31.1, pages 243 to 244, sets out the rules of law which courts profess to follow in these cases.

From our careful examination of this case, and applying the rules above enunciated, we must determine that there was no trust created by Wallace G. Vetter for the benefit of his daughter, Virginia Louise Vetter, in the corporate stock found in his bank safety deposit box after his death.

An order may be made in this case similar to the order made by the Probate Court of Wayne County.

*Decree as in trial court.*

Stevens, P. J., and Doyle, J., concur.