William J. Regan, S.
This is a proceeding instituted by petitioner to discover certain property of the decedent claimed to be withheld by respondent.
The only item in question is a savings account in the joint-names of the deceased, Rosetta Enis, and the respondent, Thelma Rounds, with the notation thereon to ‘ ‘ pay to either or the survivor of them.” It appears that this account was opened on December 16, 1964 at the sole request of the deceased and after the nature of a joint account was allegedly explained to her. Immediately prior to this date the deceased had on deposit with the Liberty National Bank and Trust Company the sum of $4,051.45. On the said date of December 16, 1964 the deceased withdrew from said account the sum of $200 and permitted the balance in the sum of $3,851.45 to be transferred to her name jointly with Thelma Rounds, as above indicated. The decedent appeared personally at the bank and, according to the testimony herein, ivas in the company of neither the petitioner nor the respondent.
*549 Rosetta Enis died on April 1, 1965. Withdrawals from the above account were made by the respondent, Thelma Rounds, on the following dates and in the following amounts: January 25, 1965, $151; February 1, 1965, 300; February 1, 1965, 299; February 15,1965, 2,000; and the balance of $1,130.13 was withdrawn by respondent on April 2, 1965, following the death of Rosetta Enis.
Petitioner has testified herein to the effect that this was a convenience account only, with no intent on the part of the deceased to vest title to any part of the proceeds of this account in the respondent, Thelma Rounds. Petitioner has further testified that the withdrawals above indicated were made by the respondent at a time that the deceased was totally physically disabled.
Respondent, on the other hand, has testified that the deceased, of her own accord, opened this account for the sole benefit of respondent in order to provide a college education for respondent’s daughter and further states that deceased had given her, prior to the withdrawals, full authority to withdraw moneys whenever she saw fit to do so, to further her daughter’s education. Respondent has asserted ownership to the entire deposit by reason of the fact that the joint account was created by the deceased with rights of survivorship in the respondent.
None of the parties dispute the testimony that on January 8, 1965 deceased suffered a stroke rendering her physically unable to move or talk thereafter. It was after this date that the withdrawals above indicated were made by the respondent, and the account was finally closed by the respondent with the final withdrawal on April 2, 1965. Obviously, such withdrawals were made without any consent or knowledge on the part of the deceased during this period of time.
The evidence herein clearly established to the satisfaction • of this court that a joint account was knowingly and consciously created or opened by the deceased. (Matter of Bricker [Krimer], 13 N Y 2d 22; Marrow v. Moskowitz, 255 N. Y. 219; Matter of Juedel, 280 N. Y. 37. Cf. Matter of Creekmore, 1 N Y 2d 284.) There is no direct proof to rebut the presumption that a valid joint tenancy had been intended and created, nor is there sufficient evidence to infer that the account was opened for convenience only.
Had the account remained intact to the date of the death of the decedent, the respondent, in view of the evidence adduced upon the hearing herein, may have been entitled to the total proceeds. However, this court adheres to the rule that when a joint tenancy is created, each joint tenant has the right as a *550 joint owner of the bank account to withdraw a moiety (half), or less than a moiety, for his or her own use and thus destroy the joint tenancy as to such withdrawals. (Matter of Suter, 258 N. Y. 104.) A joint tenant who withdraws a sum in excess of his moiety is liable to the other joint tenant for the excess so withdrawn. (Matter of Juedel, supra; Walsh v. Keenan, 293 N. Y. 573.)
In view of the evidence herein presented, this court finds and decides as follows: The balance that remained in the account as of April 1, 1965, in the sum of $1,130.13, and which amount has heretofore been withdrawn by the respondent on April 2, 1965, belongs to the respondent and is not to be considered an asset of this estate.
The withdrawals made by the respondent prior to the death of the deceased amount to $2,750. Taking into consideration the interest that accrued up to the date of death in the sum of $28.68, such withdrawals exceeded the one-half interest of the respondent, Thelma Bounds, to the extent of $809.94. Such excess amount properly is an asset belonging to the estate and it is accordingly decided that the respondent be and hereby is directed to deliver to Minnie Porter, as administratrix of the estate herein, the said sum of $809.94.