William J. Began, S.
John J. Hunt died on August 17,1970. He left a will dated July 14,1970 which was admitted to probate in this court on November 23, 1970 and letters testamentary issued to George Hunt executor named in the will. After several bequests totaling $8,000 to named beneficiaries, including two churches, paragraph Seventh of said will gave to decedent’s wife, Mina Hunt, “ the sum of $1500 and my furniture presently at 103 Greymont Avenue, West Seneca, New York”, and stated further, ‘ ‘ I specifically make no greater provision for my wife due to the large sums of money which she has already withdrawn from our joint savings account for her own use.” The remainder of the estate was left to decedent’s brother, George, who was also named as executor. Within the prescribed time Mina Hunt, widow, duly filed her notice of election.
*828 The proceeding pending before the court is one directed against George Hunt, executor, to show cause why proceeds of certain joint United States Savings Bonds should not be turned over to Mina Hunt, petitioner. It appears that there were a number of United States Savings Bonds in various denominations totaling $12,800.24 which were held in the name of - decedent and the petitioner, Mina Hunt, jointly. On or about July 30, 1970 these bonds were cashed solely by the decedent and the entire proceeds placed in a savings account at the Buffalo Savings Bank in his name alone. Petitioner’s claim is that these bonds having been jointly held and cashed without her knowledge or consent were rightfully the property of the survivor and therefore she should be entitled to the entire proceeds.
No question has been raised regarding the character of the ownership of the bonds and there is no question that a joint tenancy may exist in corporate bonds (Matter of McKelway, 221 N. Y. 15) or in United States Savings Bonds (Matter of Huhn, 58 N. Y. S. 2d 287).
In a recent case in Matter of Kramer (54 Misc 2d 459, 461) the Surrogate stated: “ Perhaps "in no other area of the law governing distribution of a decedent’s property has so much confusion arisen as in respect of the rules to apply to a joint bank account when one depositor has withdrawn funds without the consent of the other.” With this statement this court is in accord. In the Kramer case the Surrogate expounded on this particular question, discussing many cases and distinguishing severalbut all of them appear to agree that one tenant is not able to accomplish unilaterally severance of the joint tenancy by appropriating the entire property to his own use. (Matter of Brogan, 165 Misc. 111.) Matter of Kramer (supra, p. 462) states: “ Hence it is often stated as an established rule that one who withdraws more than his moiety is liable to the other for the excess over his one-half share.” (Third Report of the Temporary State Comm, on the Law of Estates [1964], p. 368, Matter of Bricker [Krimer] v. Krimer, 13 N Y 2d 22; Matter of Leisner, 25 A D 2d 844; Matter of Suter, 258 N. Y. 104; Matter of Enis, 48 Misc 2d 548; Matter of Juedel, 280 N. Y. 37.)
In the case before us, all the joint savings bonds were withdrawn and cashed by John J. Hunt who shortly thereafter died. 'Surely under the circumstances of this case there must be negated any intent on the part of John J. Hunt to keep the character of joint ownership alive. In fact his will and other *829 circumstances indicate otherwise quite emphatically. Thus, were he alive, his moiety of one half would doubtless he his absolutely and the other joint tenant would have a claim for her moiety. In view of this the court cannot understand why after his death the widow joint tenant should be entitled to the entire amount. Consequently the court holds that Mina Hunt, widow, is entitled to one half of the proceeds of the United States Savings Bonds.