489 P.2d 342 (1971)
B. F. KACIREK, Administrator of the Estate of John R. Devine, Deceased, Plaintiff in Error,
v.
Francis MANGAN, also known as Frank Mangan, Defendant in Error.
No. 71-157, (Supreme Court No. 24102.)
Colorado Court of Appeals, Div. I.
August 10, 1971.
John L. Griffith, Mary C. Griffith, Richard D. Gilson, Denver, for plaintiff in error.
Reardon, Reardon, & Reardon, Julie M. Reardon, Gene W. Reardon, Denver, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was transferred from the Supreme Court pursuant to statute.
Plaintiff in error, the administrator of the estate of John R. Devine, deceased, brings this appeal from an order of the Denver Probate Court awarding funds in two joint tenancy bank accounts to the defendant in error, Frank Mangan, who had filed a claim against the estate for the account proceeds. The lower court implicitly found that Devine alone was the original source of all funds in the two accounts, but concluded that Devine had made a gift to Mangan of a joint tenancy interest in the two accounts. To support these conclusions, the only evidence in the record which was considered admissible on this point was the fact that the two accounts were in joint tenancy form.
On the basis of other evidence, the trial court also found that subsequent to opening *343 the joint accounts Devine executed new signature cards with the bank in an attempt to remove Mangan as a person authorized to make withdrawals from the two accounts and to place the two accounts in Devine's name individually. It was the trial court's determination, however, that the execution of the new signature cards did not operate to sever the joint tenancy relationship and destroy Mangan's survivorship rights in the entirety of the joint account funds.
From these occurrences, the estate has raised two legal questions which we consider to be the controlling issues of this appeal.

I.
The first question raised by the estate is whether Mangan made a prima facie showing of any right to claim the funds which had been held in the joint accounts.
There is some division in the cases which attempt to define, as between the parties to a joint account, the legal effect of the act of creating a joint account when one of the parties is the proven source of all the account funds. On this question, the rule which we adopt and apply here is that when a joint tenancy account is created between one who is the sole source of the account funds and a second party there arises a rebuttable presumption that the one who initially possessed the funds has made a gift, in favor of the second party, of a joint tenancy interest in the account and its funds. State v. Estate of Gralewski, 176 Or. 448, 159 P.2d 211.
As most courts have done in situations similar to that before us, we recognize that, as between the donor and donee, the presumption of equal joint tenancy interests can be overcome by proof of what was in fact the reality of their interests. See Urbancich v. Jersin, 123 Colo. 88, 226 P.2d 316; and See Annot., 161 A.L.R. 71.
In the instant case, Devine's administrator asserts the possibility that Mangan was only an agent for Devine, or the possibility that Mangan appeared as a named party to the accounts for only nominee purposes. The trial court obviously concluded that there was no persuasive evidence in support of these assertions. Our review of the record has not provided any basis on which we should disturb such conclusion. Eitel v. Alford, 127 Colo. 341, 257 P.2d 955. Accordingly, the effect of the legal presumption that Mangan was the owner, by way of gift, of a joint tenancy interest in the accounts must stand as the primary fact in this case.

II.
The second question raised by this case is whether Devine's unilateral action of executing new signature cards in his sole name, without any express or implied consent from Mangan, had any effect upon the interest which, under the evidence in this case, Mangan is presumed to have had in the accounts.
On this point, we hold at the outset that in changing the account to his sole name Devine performed an act which was tantamount to withdrawing all of the funds from the joint account and to placing them in his individual account. Medeiros v. Cotta, 134 Cal.App.2d 452, 286 P.2d 546. It must, therefore, be resolved whether this unilateral act of withdrawal, performed without any implied or express consent from Mangan, operated to defeat any or all of Mangan's rights.
On this question there is also widespread confusion in the cases. See discussion in In Re Kramer's Estate, 54 Misc.2d 459, 282 N.Y.S.2d 911. The rule which we adopt, and which we view as becoming the emerging authority, is that Devine's act of withdrawal did operate to sever and terminate the joint tenancy and to destroy Mangan's right of survivorship, but that it did not place the funds beyond Mangan's power to claim and to reach his severed interest, whatever that interest is established to be. See In Re Estate of Hunt, 319 N.Y.S.2d 320 (Sur.Ct.). On the record made in this case, Mangan's interest *344 in the funds withdrawn by Devine must be presumed to be a moiety, that is, one-half of such funds, and he may validly claim such share from Devine's administrator. In Re Estate of Hunt, supra.
The conclusions which we reach here are unaffected by the provisions of C.R.S.1963, 14-3-6, which statute, since its amendment in 1957, is expressly limited by its terms to delineate only the rights and liabilities as between a bank and its depositors.
The remaining arguments advanced on behalf of the estate are without merit.
Judgment is reversed, and this cause is remanded for further proceedings not inconsistent with the views expressed herein.
COYTE and ENOCH, JJ., concur.