Edward BEALERT, Administrator of the Estate of Allene S. Erd, Deceased, and Edward Bealert, Appellants,

v.

Roberta E. MITCHELL and First Federal Savings & Loan Association of Lexington, Appellees.

Court of Appeals of Kentucky.

March 2, 1979.

Rehearing Denied May 4, 1979.

Discretionary Review Denied Sept. 11, 1979.

Glen S. Bagby, Brock, Brock & Bagby, Lexington, for appellants.

Charles C. Calk, Joseph H. Miller, Gess, Mattingly, Saunier & Atchison, James C. Clay, Lexington, for appellees.

Before HOWARD, REYNOLDS and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered April 10, 1978, which determined ownership of five joint savings certificate accounts opened by Robert L. Erd and Allene S. Erd, husband and wife, between 1969 and 1974. The Erds were married for thirty-nine years and had no children of their marriage, but Mr. Erd had a daughter by an earlier marriage. That daughter is the appellee here. On April 10, 1975, Mr. Erd had Mrs. Erd's name removed from all joint savings accounts in their names. An officer of the savings association required Mr. Erd to present a general power of attorney and also execute an instruction document before she removed Mrs. Erd's name from the accounts. On August 14, 1975, Mr. Erd returned to the financial institution and requested that his name be removed from the same accounts and directed that they be placed in the name of his daughter by an earlier marriage, the appellee. On November 2, 1975, Mr. Erd died and on January 23, 1976, Mrs. Erd died intestate. Mr. Erd died testate and Mrs. Roberta E. Mitchell, the appellee here, qualified as executrix of his estate. On October 8, 1976, Mrs. Erd's nephew, Edward Bealert, was appointed administrator of her estate and on the same date filed the original complaint in this action. The trial judge decided that the certificates were not an asset of the estate of Allene S. Erd. This appeal followed.

Appellants set out the following issues:

1) The trial court committed reversible error in finding that the joint accounts were revocable gifts, each to the other.

2) The trial judge committed reversible error in holding that the right to withdraw gives the right to appropriate.

This Court affirms the judgment of the trial court.

■ The trial court did not commit reversible error in finding that the joint accounts were established by contracts which provided that the deposits were a revocable and conditional gift, each to the other. The signature cards applicable to each specific savings account indicate that the association must act pursuant to the directions of any one or more of the joint tenant's instructions and must pay without liability to any one or the survivor of them at any time. The provisions of KRS 289.391 provides for the same result. Any interest Mrs. Erd had in the accounts was terminated by her husband when he removed her name from the accounts. This action was tantamount to a withdrawal of the funds. The record indicates that the only reason Mr. Erd did not withdraw the money from the accounts was to avoid the loss of interest and a penalty charge. We believe it is obvious that the right to withdraw encompasses the right to delete the name of another on a joint account.

The facts indicate that the savings association required Mr. Erd to produce a power of attorney and execute a written instruction sheet. It is our opinion that the power of attorney was not necessary because the language of the agreement between the parties clearly provided for the right to withdraw and all necessary rights directly related thereto.

Appellants cite several cases refusing to recognize the right of withdrawal by one of the joint tenants in a savings account, but this Court believes that the critical difference between the authority urged by the appellants and the situation here is that in each case used by the appellants, the withdrawal of funds was without consent or knowledge of the joint tenant. In this situation Mrs. Erd did consent. We believe the appellants misinterpret *Hensley v. Ball,* Ky., 380 S.W.2d 279 (1966). Proper consideration of that case would require the parties to follow the terms of their contract, which in this situation creates a revocable gift which could be terminated by either party at any time. In the *Hensley* case there were not signature cards designating the rights of the parties. Here, the signature cards clearly set out their relationship. The case of *Saylor v. Saylor,* Ky., 389 S.W.2d 904 (1965), does not apply to the circumstances here because the question in that case involved differing designations of ownership between a ledger card and a passbook. It should be noted that the Court in the *Saylor, supra,* case observed that normally the joint portions of an authorized signature card establish the rights of the parties in the joint account.

■ As in any case that is tried without the intervention of a jury, the findings of fact of the trial court should not be reversed unless they are determined to be clearly erroneous. In making such consideration the appellate court must keep in mind that the trial court had the opportunity to hear the evidence and observe the witnesses, so as to judge their credibility, and therefore, is in the best position to make findings of fact. 7 W. Clay, *Kentucky Practice,* CR 52.01. After a careful consideration of the entire record in this case, we believe that the trial judge's findings were not clearly erroneous.

It is the holding of this Court by reason of the statute, KRS 289.391, and the contract between the parties, that the trial judge was correct in determining that Mr. Erd had the legal authority to withdraw the funds on deposit and that authority also necessarily included the right to change the accounts by deleting the name of Mrs. Erd. His subsequent action in transferring the deposits to his daughter was also within his authority.

Therefore, the judgment of the trial court is affirmed.

All concur.