WILLIAM E. BENFIELD, PLAINTIFF v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CATAWBA COUNTY, DEFENDANT v. FANNIE H. BENFIELD, THIRD PARTY DEFENDANT

No. 7925DC379

(Filed 18 December 1979)

**Banks and Banking § 4— joint account—changing nature of account—signatures of all parties**

Where plaintiff and his former wife executed a joint account agreement with right of survivorship pursuant to G.S. 41-2.1 for a certificate of deposit in a savings and loan association, the joint account could be changed only by the signatures of all the parties to the joint account agreement, and plaintiff's written instruction to the savings and loan association to permit withdrawals only upon signature of both joint tenants was void and not binding on plaintiff's former wife.

APPEAL by plaintiff from *Vernon, Judge.* Judgment entered 28 November 1978 in District Court, CATAWBA County. Heard in the Court of Appeals 30 November 1979.

On 17 January 1975, plaintiff and third-party defendant, then husband and wife, deposited $5,000 with defendant, First Federal Savings and Loan Association of Catawba County (Association), in

a four-year certificate. The parties executed a Joint Account Agreement with the Right of Survivorship, which entitled either to withdraw the total amount pursuant to G.S. 41-2.1. Plaintiff left the certificate of deposit in his home in a desk drawer to which he and third-party defendant had access. Third-party defendant withdrew the $5,000 less penalty for early withdrawal on 4 January 1978.

On 20 May 1976, plaintiff executed a suspension order with defendant which reads:

"TO: FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION

You are hereby instructed to suspend payment on Cert. Account No. 800221-2 and to permit withdrawals only on the signatures of all joint tenants, until such time as this order has been canceled in writing signed by all joint tenants and delivered to you.

SIGNATURE /s/ William E. Benfield"

Plaintiff alleged in his complaint that defendant had entered an agreement to permit withdrawal of the funds only on both signatures and requested $5,000 in damages. Defendant denied the agreement and filed a third-party complaint against the wife, who filed a cross-action against plaintiff. The case was tried without a jury, and motion pursuant to G.S. 1A-1, Rule 50, of the Rules of Civil Procedure was allowed at the close of all the plaintiff's evidence. Plaintiff appealed.

*Gaither & Wood, by Allen W. Wood III, for plaintiff appellant.*

*Williams, Pannell & Lovekin, by Martin C. Pannell, for defendant appellee.*

ERWIN, Judge.

Plaintiff presents one assignment of error: "Did the Trial Court err in allowing the Defendant's motion for a Directed Verdict at the close of the Plaintiff's evidence?" We find no error in the court's ruling on the merits of this case.

The account in question is controlled by the Joint Account Agreement with Right of Survivorship, which provides:

"FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF
CATAWBA COUNTY, CONOVER, NORTH CAROLINA

CONOVER OFFICE

subject to the laws of North Carolina, the rules and regula-
tions of the Federal Home Loan Bank Board and the charter
and by-laws of the association as they now are or as they
may hereafter be amended. It is understood and agreed that
the shares hereby subscribed for are issued by the associa-
tion, and all moneys paid or that may hereafter be paid
thereon are paid by the undersigned, and such shares
together with all accumulations thereon are held by the
Association for our account, as joint tenants with right of
survivorship and not as tenants in common, and that said
shares may be resold subject to the by-laws of the Associa-
tion, by either, before or after the death of either, and either
is authorized to pledge the same as collateral security to a
loan.

/s/ William E. Benfield      Rt 6 Box 216      Statesville NC

Signature (Address—Street and Number) (City and State)

/s/ Fannie H Benfield

Signature (Address—Street and Number) (City and State)"

G.S. 41-2.1 provides in part:

"*Right of survivorship in bank deposits created by written
agreement.* —(a) A deposit account may be established with a
banking institution in the names of two or more persons,
payable to either or the survivor or survivors, with incidents
as provided by subsection (b) of this section, when both or all
parties have signed a written agreement, either on the
signature card or by separate instrument, expressly pro-
viding for the right of survivorship.

(b) A deposit account established under subsection (a) of
this section shall have the following incidents:

(1) Either party to the agreement may add to or
draw upon any part or all of the deposit account,
and any withdrawal by or upon the order of either
party shall be a complete discharge of the banking
institution with respect to the sum withdrawn."

We hold that the suspension order failed to bind third-party defendant. A joint account may be changed only by the signatures of all the parties to the joint account agreement or by one party's withdrawing the complete account and opening a new account. G.S. 41-2.1 does not authorize the action taken in this case, to permit only one of the joint tenants of the account in question to change it from the original agreement executed by both parties to the detriment of the other. *See Badders v. Peoples Trust Company*, 236 Ind. 357, 140 N.E. 2d 235, 62 A.L.R. 2d 1103 (1957). Thus, any agreement between the Association and plaintiff contravening G.S. 41-2.1(b)(1) was void and unenforceable.

Defendant's motion should have been made pursuant to G.S. 1A-1, Rule 41(b) rather than Rule 50 of the Rules of Civil Procedure. Rule 50 has no application in a non-jury trial. This case is remanded to the trial court to enter an order dismissing this case pursuant to G.S. 1A-1, Rule 41(b), of the Rules of Civil Procedure.

Remanded for entry of proper order to dismiss the plaintiff's case.

Judges CLARK and ARNOLD concur.