474 A.2d 1137

**HANOVER BANK OF PENNSYLVANIA, Trustee, and Hanover Bank of Pennsylvania, Executor of the Estate of Edward B. Abend**

**v.**

**UNITED PENN BANK**

**v.**

**Deborah DAVIS and Donna Davis, Appellants.**

Superior Court of Pennsylvania.

Argued May 12, 1983.

Filed March 30, 1984.

594

Mark A. Ciavarella, Jr., Wilkes-Barre, for appellants.

John E. Morris, III, Wilkes-Barre, for Hanover, appellee.

Arthur L. Piccone, Wilkes-Barre, for United Penn, appellee.

Thomas P. Brennan, Wilkes-Barre, for participating parties.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WICKERSHAM, Judge:

This is an appeal from an order of the Orphans' Court of Luzerne County dismissing the exceptions filed by appellants.

Edward B. Abend died on August 6, 1980. A Last Will and Testament dated July 11, 1980, was filed for probate by Hanover Bank of Pennsylvania as Executor of the Will. The Will contained eleven specific bequests totalling $15,-700, to various friends, relatives, and charities. The rest, residue, and remainder of the estate was left to Hanover Bank of Pennsylvania as Trustee, to hold as a charitable trust for the benefit of Project Remain, a social agency operated by the Sisters of Mercy in Wilkes-Barre, Pennsylvania. The assets of the trust are expected to exceed $100,000.00. The dispute centers around ownership of three certificates of deposit assigned to the trust.

On July 3, 1978, the decedent purchased a Certificate of Deposit from United Penn Bank, Wilkes-Barre, in the amount of $20,000.00. The Certificate was made payable to "Edward Abend or Deborah Davis," Deborah being a grandniece of Mr. Abend and 19 years old at the time. On November 9, 1978, the decedent purchased another Certificate of Deposit from United Penn Bank, in the amount of $20,000.00. This Certificate was made payable to "Edward Abend or Donna Davis," Donna being a grandniece of decedent and 20 years old at the time. On February 18, 1980, the decedent purchased a third Certificate of Deposit from United Penn Bank in the amount of $1,879.40. This Certificate was made payable to "Edward Abend or Donna Davis." All three certificates were bought by Mr. Abend, using his own funds. He retained exclusive control and possession of the certificates at all times.

In the lower left-hand corner on the face of each certificate is the following language:

This Certificate is not negotiable and any assignment hereof shall be valid only upon written consent of this Bank.

The signature cards signed by the decedent and the Davises reads as follows:

The undersigned hereby agree(s) that the Certificate of Deposit ... is governed by the Pennsylvania Uniform Commercial Code and the rules and regulations as set forth on the Certificate of Deposit. The Certificate of Deposit, shall be deemed to belong to us, if husband and wife, as tenants by the entireties, otherwise as joint tenants with right of survivorship and not as tenants in common, and in case of the death of any one of us, the bank is authorized and directed to deal with the survivor or survivors as the absolute owner or owners thereof. Each joint owner whether husband or wife or otherwise, is agent for the other to give or receive any notice or to take any other action affecting this certificate.

On June 27, 1980, decedent entered into an inter-vivos trust agreement whereby the Hanover Bank of Pennsylvania, Wilkes-Barre, as Trustee, collected, maintained, and managed the decedent's financial affairs. On the same day, decedent signed the back of each certificate beneath the following language:

Assigned To: Hanover Bank of Pennsylvania, Trustee Edward B. Abend Trust U/A dated 6–27–80

On July 11, 1980, an officer of Hanover Bank forwarded to United Penn Bank the three certificates, requesting that the change in record ownership be noted and that the certificates be returned to Hanover Bank. United Penn Bank received the certificates and returned them to Hanover Bank on July 15, 1980. However, United Penn Bank took no action to recognize or accept the assignments of June 27, 1980.

The decedent died on August 6, 1980 of self-inflicted gunshot wounds. He was 89 years old.

On October 21, 1980, Hanover Bank again wrote to United Penn Bank, requesting that the changed ownership of the certificates be acknowledged. On November 4, 1980, United Penn Bank advised Hanover Bank that it could not redeem or assign the certificates without the signature of both parties listed on the certificates.

Hanover Bank, as Executor, filed a petition for a rule to show cause why United Penn Bank should not be compelled to recognize and accept the assignments of the certificates. The Davises were also served as interested parties and were later granted leave to intervene. Project Remain, as the residuary beneficiary of the trust, was also served as an interested party. Both the Inheritance Tax Bureau and the Attorney General's Office of the Commonwealth of Pennsylvania were likewise served. The lower court heard arguments on February 23, 1982 and on August 16, 1982, filed an Order and Opinion recognizing the validity of the assignments and directing United Penn Bank to make the appropriate changes in record ownership. Exceptions to the court's order, filed by United Penn Bank and the Davises, were dismissed on November 12, 1982. The Davises filed a timely appeal from this order.[1]

The issue before us is deceptively simple. As framed by appellants Davis, we must decide:

Was the Lower Court's findings of fact, conclusions of law and Order concluding that Edward B. Abend, prior to his death, assigned three Certificates of Deposit purchased from the United Penn Bank to the Edward B.

1. We note some confusion among the parties as to their status on appeal. The Davises filed a timely notice of appeal and are therefore before us as appellants. Hanover Bank is the appellee. United Penn Bank views itself as an appellant and writes a brief on that basis. However, after careful review of the record, we find no notice of appeal, timely or otherwise, having ever been filed by United Penn Bank. Sisters of Mercy, Project Remain, also filed a brief, which chiefly addresses the arguments of United Penn Bank. Since United Penn Bank has not followed Pa.R.A.P. 902, which requires the filing of a notice of appeal with the clerk of the lower court, we do not address its arguments and issues directly. Upon a thorough review of all parties' briefs, however, we note that if United Penn Bank had perfected its appeal, we would not find its arguments persuasive.

Abend inter vivos trust with Hanover Bank as Trustee error?

Brief for Appellants at 3. Appellants admit that if the assignments were valid, they would not be entitled to the proceeds of the certificates even though they were valid payees on the face of the certificates. Appellants argue, however, that the assignments were not perfected, and therefore, appellants are owners of the certificates and entitled to the proceeds thereof. We agree with the lower court that the assignments of the certificates by Mr. Abend were valid.

It is first necessary to establish ownership of the certificates on June 27, 1980, the date of the assignment. The lower court determined the ownership in this manner:

> The record indicates that the Certificates of Deposit were purchased solely from the funds of the decedent. The actual Certificates were always in the decedent's possession. The Certificates of Deposit contain only his address and Social Security Number. In fact, it appears that the only activity of either grandniece, Deborah or Donna Davis, was to sign the signature card. The Multi-Party Accounts Act, 20 Pa.C.S.A. § 6301, et se[q], establishes ownership of a joint account during the lifetime of the account owners. In 20 Pa.C.S.A. § 6303(a), it is stated as follows:
>
> > A joint account belongs, during the lifetime of all parties, to the parties in the proportion to the net contributions by each to the sum on deposit unless there is clear and convincing evidence of a different intent.
>
> There is no evidence that the decedent wished to divest ownership from himself in favor of his grandnieces. The activities of the decedent in relation to the Certificates of Deposit, such as keeping them in his possession, and attempting to assign them to the Trust, clearly indicates that it was his intention to retain ownership of the entire amounts on deposit. Therefore, as of June 27, 1980, the

decedent, Edward B. Abend, was the sole owner of the Certificates of Deposit.

Lower ct. op. at 6.

■ Appellants argue that section 6303(a) of the Multiple-Party Accounts Act is applicable only during the lifetime of the parties; upon the death of a party, section 6304 becomes the controlling section of the Act. Appellants are correct that section 6303(a) applies to ownership of joint accounts during the lifetimes of the parties, and section 6304(a) applies to rights of survivorship upon the death of a party. 20 Pa.C.S.A. § 6304(a) provides that upon the death of a party to a joint account, the sum remaining on deposit belongs to the surviving party. What appellants ignore is that the assignments took place *during* the lifetimes of the parties. Appellants admit that under section 6303, Mr. Abend could have redeemed the certificates during his lifetime without incurring any liability to the Davises. We find the fact that the decedent assigned the certificates to the trust, rather than cashing them in and then putting the proceeds in the trust, to be immaterial. Mr. Abend was unquestionably alive on June 27, 1980, when he assigned the certificates. We find that on that day he was the sole owner of the certificates, according to the provisions of 20 Pa.C.S.A. § 6303(a).

■ Nor do appellants show us any clear and convincing evidence of an intent contrary to the assumption in section 6303 that Mr. Abend did not intend to make an irrevocable gift of any or all of his funds invested in the certificates of deposit. We find the decedent's intent to be clear. He wanted to transfer the certificates to the inter-vivos trust that he had established, and upon his death, to have them used as the trust corpus for a charitable trust to benefit Project Remain. Mr. Abend clearly did not abandon the Davises. On the same day that the assignments were made he signed his will, which provided for specific devises to the Davises. The assignment of the certificates was a means of funding the charitable trust, not an attempt to disinherit the Davises.

■ Appellants next contend that the mere fact that the decedent was the owner of the funds during his lifetime does not mean that he could assign the certificates without first complying with the terms and provisions of the contracts the parties entered into when the certificates were purchased. Appellants assert that because United Penn Bank did not issue a written consent for the assignments, such assignments were invalid, and ownership of the certificates reverts to the Davises as survivors.

As has been detailed, the decedent and the Davises signed signature cards when the certificates were purchased. These cards, all of which are identically worded, state that the certificates are governed by the Uniform Commercial Code and the rules and regulations as set forth on the certificates themselves. All the parties agree that these instruments are non-negotiable. Therefore, the Pennsylvania Uniform Commercial Code does not apply to these certificates. We find no error in the lower court's discussion of 13 Pa.C.S.A. § 9318(d). The lower court expressly stated that it did not rely on the Pa.U.C.C. in reaching its decision, but merely noted § 9318(d) to show the modern trend against enforcing restrictions on assignments.

The signature cards also provide that each joint owner is agent for the other to take any action affecting the certificates. Edward Abend's actions, therefore, were those of the Davises, to which they cannot now object or contest. Edward Abend's signature on the back of the certificates was in essence the signature of both parties. Thus, United Penn Bank was required by its own printed form contract to recognize the actions of an individual joint owner in relation to these certificates.

The signature cards also state that the certificates are governed by the rules and regulations as set forth on the certificates themselves. The only rule or regulation set forth on the certificate that is applicable is the following: "This Certificate is not negotiable and any assignment hereof shall be valid only upon written consent of this Bank". The non-negotiability of the certificates is not in

dispute. We note that the certificates do not forbid the assignment; they simply condition the validity of the assignment on the Bank's consent.

The record shows that on July 11, 1980, Hanover Bank forwarded the three certificates to United Penn Bank and asked that record ownership be changed to Hanover Bank, Trustee of the Edward B. Bend Trust. No action was taken by United Penn Bank prior to Mr. Abend's death one month later, because United Penn Bank maintained that the consent of the appellants was required first. Prior to his death, the decedent took all possible actions to effectuate the assignment. It is obvious that the decedent believed he had the right to assign or transfer the certificates as he pleased. The only matter left was the "consent" from United Penn Bank. We agree with the lower court that such consent was not necessary; United Penn Bank was merely the stakeholder in this case, as it had no real interest as to which of the contestants were declared the owners of the certificates.

> [T]he bank takes the position that in order to consent to the assignment it required the signatures of both joint owners. This is contrary to the bank's own signature card. If the Certificates of Deposit were recorded in what are commonly known as "and" accounts, this position would have merit. But where the accounts are "or" accounts, the individual has the right to rely in good faith upon the form of the contract. If the bank's position were accepted by the Court, it would have the effect of changing the nature of the Certificates from "or" accounts to "and" accounts. This is clearly contrary to the intention of the purchaser of the Certificates of Deposit, namely the decedent. When the assignment was made by the decedent, he was acting as the agent under the terms of the contract for the other joint owner and no consent from the other owner was required. The bank had no legal reason to withhold consent under the terms of its own contract.

An anti-assignment clause, as appears on the face of the Certificates of Deposit, is solely for the benefit of the obligor, namely, the bank, and not for the benefit of either the assignee or assignor. *Kehoe v. Kehoe-Berg Coal Company,* 388 Pa. 79, 130 A.2d 182 [165] (1967). It is designed to protect the bank from making an erroneous payment and then being subject to a double payment on the same account. The purchase of a Certificate of Deposit creates a debtor-creditor relationship between the purchaser and the financial institution. The bank is obligated to pay according to the terms of the Certificate. In this case, the only obligation of the bank was to pay a sum certain at a date certain. It should be noted that the Certificate does not forbid an assignment, it simply conditions the validity of the assignment on the bank's consent. The issue then becomes whether a contract prohibiting an assignment without the consent of the obligor should be enforced when all that is being done by the assignment is the transfer from one person to another monies due under a contract without in any manner altering the duty owed by the obligor. (See Am.Jur. "Assignments" § 21 and 22, pp. 206–209[ ) ]. The anti-assignment clause is for the protection of the obligor. In the present case, this point is moot as the Court will direct United Penn Bank to pay the appropriate party and no further litigation will be possible against the bank by any of the contestants. Further, had United Penn Bank paid money to either of the joint owners, it would have no liability to the other joint owner as under the terms of its own contract, the signature card, each of the owners acted as the agent for the other. The main reason for upholding such a clause is, therefore, absent in the present case.

Lower ct. op. at 8–10.

■ Nowhere in the signature card or on the certificates themselves does it state that consent to an assignment shall be withheld until both parties sign the assignment. This was a requirement which was never put on either form.

The certificates say the United Penn Bank's consent was necessary for the assignment. The signature card clearly provides that either payee could act as the agent for the other. There is clearly an inconsistency between the initial terms of the contract which required the action or consent of only one payee for any dealings with the certificates, and United Penn Bank's subsequent provision that both payees were required to sign if the alienation of the certificates happened to take the form of assignment. The signature card requires compliance only with the Pa.U.C.C. and any rules *set forth on the certificate itself.*

United Penn Bank, therefore, had no right to give or withhold written consent to the assignments. It took an arbitrary position that the assignment must have the consent of both joint owners despite the expressed terms of its own contract with the joint owners. This requirement was designed solely to protect the bank; it was not required by law and was contrary to the rights of the decedent and the terms of the signature cards.[2]

The order of the lower court is affirmed.

---

**2.** We wish to acknowledge one further argument of appellants. They complain that the lower court's decision failed to take into account the potential liability facing United Penn Bank if the Bank does not have the right to consent to all assignments. We note that all the forms involved in this litigation were written by United Penn Bank and any dilemma created by these contradictions and inconsistencies has been created by the Bank itself. Rules of law determine those actions which the Bank may or may not take, not the reverse. The lower court's statements as set forth in its Order and Decree of November 12, 1982 more than adequately address this argument.