**Chester GRAVES, Appellant–Respondent,**

v.

**Marilyn Merrill KELLEY, Personal Representative of the Estate of Marie E. McGinness, Deceased, Appellee–Petitioner.**

No. 87A01–9302–CV–25.

Court of Appeals of Indiana,
First District.

Dec. 13, 1993.

Rehearing Denied Feb. 11, 1994.

Garland W. Cravens, Jr., Frick Powell Whinrey Cravens & Schmitt, Evansville, for appellant-respondent.

Todd Alan Corne, Boonville, for appellee-petitioner.

ROBERTSON, Judge.

Chester Graves appeals the judgment entered against him on the petition of Marilyn Merrill Kelley, personal representative of the Estate of Marie E. McGinness, to determine the ownership of a joint account. Graves raises one issue that requires reversal. It is:

> whether the trial court's finding that Marie McGinness had terminated the joint account before her death is contrary to law?

## FACTS

The facts in the light most favorable to the trial court's judgment indicate that on August 22, 1986, Marie McGinness used her individual funds to open a joint account with the right of survivorship with her son, Chester Graves. McGinness and Graves signed a joint-tenant agreement on February 8, 1988.

On March 17, 1992, McGinness telephoned Shearson Lehman Brothers, Inc., who held the account, and instructed Shearson to liquidate the account. That afternoon, Shearson sold the government securities that comprised the account, converting the account assets to cash.

The next morning, March 18, 1992, McGinness died. That afternoon, Shearson issued a check in the amount of $17,453.60 made payable to "Marie McGinness and Chester Graves JTWROS." Shearson mailed the check to McGinness' address.

The next day, March 19, 1992, the check arrived at McGinness' house. Shearson closed the joint account on that day.

Additional facts are supplied as necessary.

## DECISION

The trial court awarded ownership of the account proceeds to McGinness' estate finding that McGinness' telephone call to Shearson had terminated the account the day before she died. Graves asserts this finding/judgment is contrary to law. We agree.

A joint account can be terminated only by mutual agreement of the joint tenants. *Voss v. Lynd* (1992), Ind.App., 583 N.E.2d 1239. The form of ownership of a joint account may only be altered by written order received by the financial institution during the party's lifetime. *Id.;* Ind. Code 32–4–1.5–5. Graves did not agree to the termination of the joint account. Shearson received no written order effecting a change in the account's ownership during McGinness' lifetime. Thus, McGinness' phone call to Shearson the day before

her death could not serve to terminate the joint account and the joint account, with the right of survivorship in favor of Graves, was in existence at the time of McGinness' death.

■ The Estate counters that, even if McGinness' phone call did not terminate the account, it served to withdraw all the funds from the account such that no funds were "remaining on deposit" at McGinness' death, citing I.C. 32–4–1.5–4(a) which reads:

Sums *remaining on deposit* at the death of a party to a joint account belong to the surviving party ...

(Emphasis added). In effect, the Estate argues that, if the account were in existence at McGinness' death, it was empty and Graves has no right to the money previously withdrawn.

■ The deposit agreement of a joint account establishes a party's right to withdraw funds and governs the relationship between the bank and the joint tenants. *Estate of Jonas v. Stirling* (1993), Ind., 621 N.E.2d 1107. In the present case, the deposit agreement reads as follows:

Each of the joint tenants shall have the authority ... (c) to receive or withdraw money, securities, commodities, and other property, (d) to execute agreements relating to the foregoing matters and to terminate, modify or waive any of the provisions thereof, and (e) generally to deal with you [Shearson] as fully as if he alone were interested in said account, all without notice to the other tenant or joint tenants. *Notwithstanding the foregoing, you [Shearson] are authorized, in your discretion, to require joint action by the joint tenants with respect to any matter concerning the joint account, including ... the withdrawal of moneys, securities, or commodities.*

(Pertinent part only; emphasis added).

As noted above, Shearson's check (issued the same day, but after McGinness' death) was made payable to McGinness and Graves jointly with the right of survivorship. Obviously, Shearson, in the exercise of its discretion as provided under the deposit agreement, did not permit McGinness to withdraw all the funds in the account in favor of herself over the telephone. Instead, Shearson, in the exercise of its discretion as provided under the deposit agreement, issued the funds jointly to McGinness and Graves, and maintained the right of survivorship between the parties.

■ Persons who own property as joint tenants with the right of survivorship also hold the proceeds derived from that property as joint tenants with the right of survivorship if the instrument representing the proceeds expressly provides that the proceeds are to be held with the right of survivorship. *Hughes v. Hughes* (1976), 171 Ind.App. 255, 356 N.E.2d 225, *trans. denied.* "Personal property, other than an account, which is owned by two (2) or more persons is owned by them as tenants in common unless expressed otherwise in a written instrument." I.C. 32–4–1.5–15.

In the present case, the joint account or its proceeds, the check, remained jointly owned by McGinness and Graves with the right of survivorship as provided by express written instruments (the deposit agreement and the check). Therefore, the proceeds of the account became Graves' property at the time of McGinness' death. Accordingly, we must reverse and remand with instructions for proceedings consistent with this decision.

Judgment reversed.

NAJAM, J., concurs.

For the reasons set forth in his concurring opinion in *Voss v. Lynd* (1992) 1st Dist., Ind.App., 583 N.E.2d 1239, 1242, Sullivan, J. concurs in result.